UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT Chattanooga

Delta L. Eady )

_____ )

_____ )

(Enter above the NAME of the )
plaintiff in this action.) )

YMCA of the USA; )
YMCA of Metropolitan )
Chattanooga; Baron )
Herdelin-Doherty; Kathy )
Teufel; Nikki Bryant; )
Michelle Wilks; Jane Doe #1 and )
(Enter above the NAME of each
defendant in this action.) Jane Doe #2 )

1:25-cv-263
McDonough/Steger

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(42 U.S.C. Section 1983)

I.     PREVIOUS LAWSUITS

   A.     Have you begun other lawsuits in state or federal court dealing with the same facts
          involved in this action or otherwise relating to your imprisonment?  YES (   ) NO (✓)

   B.     If your answer to A is YES, describe the lawsuit in the space below.  (If there is more
          than one lawsuit, describe the additional lawsuits on another piece of paper, using the
          same outline.)

          1.     Parties to the previous lawsuit:

                 Plaintiffs: _____

                 _____

                 Defendants: _____

                 _____

1

2. COURT: (If federal court, name the district; if state court, name the county): _____

3. DOCKET NUMBER: _____

4. Name of Judge to whom case was assigned: _____

5. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: _____

A. Is there a prisoner grievance procedure in this institution? YES ( ) NO ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? YES ( ) NO ( )

C. If your answer is YES,

    1. What steps did you take? _____

        _____

    2. What was the result? _____

        _____

D. If your answer to B is NO, explain why not. _____

    _____

E. If there is no prison grievance procedure in the institution, did you complain to the prison authorities? YES ( ) NO ( )

F. If your answer is YES,

    1. What steps did you take? _____

        _____

2. What was the result? _____

_____

## III. PARTIES

(In item A below, please your name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of plaintiff: Delta L. Eady

Present address: 105 Kinsale Dr. Macon, GA 31216.

Permanent home address: _____

Address of nearest relative: _____

(In item B below, place the FULL NAME of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the additional names, positions, and places of employment of any additional defendants.)

B. Defendant: Please see attached pages for review.

Official position: _____

Place of employment: _____

C. Additional defendants: _____

_____

_____

_____

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the FACTS of your case. Describe how EACH defendant is involved. Include also the names of other persons involved, dates and places. DO NOT give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.)

Please see attached pages for review.

_____

3

Case 1:25-cv-00263-TRM-CHS   Document 2   Filed 08/15/25   Page 3 of 18   PageID #: 13

Please see attached pages (Complaint) for review.

4

## V. RELIEF

(State BRIEFLY exactly what you want this Court to do for you. Make NO legal arguments.

Cite NO cases or statutes.)

_Please see attached pages (Complaint for review,_

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this ___14th___ day of ___August___, 20 _25_.

_____
Signature of plaintiff(s)

105 Kinsale Dr.

~~Charleston~~

Macon, GA 31216

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION


FILED

AUG 1 4 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

**VERIFIED COMPLAINT**
**JURY TRIAL DEMAND**

### DELTA L. EADY
Plaintiff,

### v.

### YMCA OF THE USA; YMCA OF GREATER CHATTANOOGA; HAMILTON FAMILY YMCA; BARON HERDELIN-DOHERTY; KATHY TEUFEL; NIKKI BRYANT; MICHELLE WILKS; JANE DOE#1 and JANE DOE #2
Defendants.

---

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

1

For Violations of the Americans with Disabilities Act, Tennessee Adult Protection Act, Tennessee Elderly Abuse Act, Negligence, Breach of Contract, and Other State Torts

Plaintiff, **Delta L. Eady**, pro se, asserts the following:

## I. INTRODUCTION

1. Plaintiff, Delta L. Eady, pro se, brings this action against Defendants for Unlawful Disability Discrimination, Retaliation, Negligence, Gross Negligence, Intentional Infliction of Emotional Distress, Elder/Vulnerable Adult Abuse and Breach of Contract. Plaintiff also brings claims under the Tennessee Elderly Abuse Act ("TEAA"), Tenn. Code Ann. § 39-15-501 et seq., and the Tennessee Adult Protection Act ("TAPA"), Tenn. Code Ann. § 71-6-101 et seq.

2. Plaintiff is a 62-year-old paraplegic male diagnosed with a severe spinal cord injury requiring medically prescribed aquatic therapy. The Defendants' actions — including the imposition of discriminatory restrictions not applied to other YMCA Members, public humiliation through police involvement, retaliatory termination of his membership, and intentional disregard of written accommodation requests — constitute intentional misconduct, abuse, and neglect as defined under TEAA and TAPA.

3. While the TEAA is primarily criminal in nature, Tennessee courts recognize that violations of criminal statutes may be referenced in civil proceedings as evidence of negligence per se and as proof of intentional, malicious, or reckless misconduct. The conduct described herein was deliberate, targeted, and intended to deprive Plaintiff of federally and state-protected rights, causing lasting harm.

## II. JURISDICTION AND VENUE

4. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, 12203; jurisdiction lies under 28 U.S.C. § 1331.

2

5. This action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182, 12203; jurisdiction lies under 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

7.Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Chattanooga, Tennessee, and Defendants operate in this District.

8. Plaintiff's claims are timely under both federal law and Tennessee's one-year personal injury statute of limitations because the discriminatory acts alleged herein constitute a **continuing violation** under Sixth Circuit precedent, including *Sharpe v. Cureton*, 319 F.3d 259 (6th Cir. 2003). At least one act — the August 14, 2024 denial of access, threat of police, and removal from the facility — occurred within the limitations period and is part of an ongoing and related series of discriminatory actions.

## III. PARTIES

9. Plaintiff **Delta L. Eady**, is a 62-year-old paraplegic male ,who has been diagnosed with a severe spinal cord injury requiring physical therapy as well as physician-prescribed aquatic therapy.

10. Defendant: **YMCA OF THE USA**, is a national nonprofit organization headquartered in Chicago, Illinois, responsible for policy development, ADA training, and oversight of regional branches.

11. Defendant: **YMCA OF GREATER CHATTANOOGA**, is a "public accommodation" under Title III of the ADA. It oversees local branches, including the HAMILTON FAMILY YMCA located on 7430 Shallowford Road, Chatt,Tn 37421.

12. Defendant: **HAMILTON FAMILY YMCA**, located at 7430 Shallowford Road, Chatt,TN 37421 is a "public accommodation" under Title III of the ADA.

13. Defendant:**BARON HERDELIN-DOHERTY**, is the PRESIDENT/CEO of the YMCA OF METROPOLITAN CHATTANOOGA .He is responsible for:**Executive Authority & Oversight Duties**

- 

    **Policy Oversight:** He is ultimately responsible for ensuring that YMCA of Metropolitan Chattanooga complies with **federal and state laws**, including the **Americans with Disabilities Act (ADA)** and Tennessee's adult protection statutes.

- 

3

- **Training & Compliance:** Has authority to direct branch management (including Teufel at Shallowford Road) to properly train staff on ADA accommodations, non-discrimination, and member rights.

-
-

- **Complaint Resolution:** Responsible for reviewing or directing responses to **member grievances** — especially those involving alleged discrimination or abuse of vulnerable populations.

-

14. Defendant **KathyTeufel**, is the Vice-Present/Manager at the HAMILTON FAMILY YMCA Shallowford Road Breach . She is sued in her Individual and Official Capacities .

15. Defendant **Nikki Bryant**, is the Membership Coordinator at the HAMITON FAMILY YMCA Shallowford Road Branch . She is sued in her Individual and Official Capacites .

16. Defendant **Michelle Wilks**, is a supervisor at the HAMILTON FAMILY YMCA Shallowford Road Branch . She is sued in her Individual and Official Capacites .

17. Defendant **Jane Doe#1**, is an individual whose name is currently unknown to Plaintiff . She is a supervisor at the HAMILTON FAMILTY YMCA Shallowford Road Branch . She is sued in her Individual and Official Capacites .

18. Defendant **Jane Doe #2**, is an individual whose name is currently unknown to Plaintiff . She is an employee at the HAMILTON FAMILY YMCA Shallowford Road Branch . She is sued in her Individual and Official Capacites .

## IV. FACTUAL ALLEGATIONS

19. Plaintiff entered into a membership agreement with YMCA Shallowford Road Branch, paid dues, and complied with membership policies, entitling him to access aquatic facilities during operating hours.

20. On or about July 14, 2024, Plaintiff was ordered by Jane Doe #2, who was the life guard on duty, to exit therapeutic equipment " Hot Tub " (HT) solely because of his

4

disability. Defendant Jane Doe#1 is an individual whose name is currently unknown to Plaintiff and who was the life guard on-duty at the Hamilton Family YMCA Shallowford Road Branch on July 14,2024 . When Plaintiff asked the reason why, she stated that she was acting under the instructions of her supervisor . Plaintiff then requested to speak with her supervisor (Jane Doe #2). Upon addressing the matter to Jane Doe #2 (Shift Supervisor) she also instructed Plaintiff to exit the HT because of his disability.

21. On or about July 15, 2024, Defendant Teufel acknowledged this was an error, apologized, and assured Plaintiff full access going forward. Plaintiff reasonably believed the matter was resolved.

22. On or about August 3, 2024, Defendant Teufel informed Plaintiff that "Risk Management" is now prohibiting him from further use of the swimming pool and hot tub unless he obtained a third-party escort to assist him. This new requirement was not applied to non-disabled members or other disabled members and was imposed solely because of Plaintiff's disability. Teufel further stated that Plaintiff was only allowed access to the weight room, effectively removing access to the aquatic therapy facilities prescribed by his physician.

23. On or about August 14, 2024 Defendant Wilks informed Plaintiff that Teufel was on her way to speak with him, in response to his recent emails regarding the YMCA discrimination and reasonable accommodation requests .Plaintiff advised Wilks that he was not interested in a verbal conversation with Teufel and that she could just respond in writing via email. Approximately thirty minutes later,at approximately 7:30 p.m., Bryant arrived at the facility and approached Plaintiff regarding his emails to supervisory staff . Bryant informed Plaintiff that Teufel sent her to speak with him regarding the emails Plaintiff had sent to Teufel about the YMCA discrimination and reasonable accommodation requests .Plaintiff informed Bryant that he did not want to discuss the matters with her because he is requesting Teufel respond to his emails via email.Plaintiff then advised Bryant not to get involved with the matters.

24. Bryant then shouted, "Oh, I guess you're going to sue me to huh ? Well, I am cancelling your membership and you have 30 minutes to leave the facility or I'm dialing 911." Bryant's statement directly tied the adverse action — membership cancellation and police involvement— to Plaintiff's

5

protected activity and constitutes explicit evidence of retaliatory conduct.

25. Bryant and YMCA staff then denied Plaintiff access to the facility and law enforcement was contacted to remove Plaintiff from the YMCA premises.

Plaintiff was informed by law enforcement that a criminal trespass order had been issued. The incident was witnessed by another YMCA member, "Andrew" [last name unknown], who observed the events in their entirety.

26. Bryant's statement directly tied the adverse action—membership cancellation and threat of police removal—to Plaintiff's protected activity and constitutes explicit, direct evidence of retaliatory conduct under the ADA.

27. Present during this incident was another YMCA member, identified as "Andrew" [last name unknown at present], who personally witnessed the interaction in its entirety. Andrew observed staff refusing Plaintiff access, threatening to call 911, and law enforcement removing Plaintiff from the facility despite Plaintiff's compliance with membership policies and absence of any safety risk.

28. The incidents of July 14, 2024, August 3,2024 and August 14, 2024, were not isolated events but formed a continuous and escalating pattern of disability-based discrimination at the same facility by the same actors. The August 14, 2024 incident, the most severe and damaging, falls within the limitations period and anchors Plaintiff's claims under the continuing violation doctrine recognized in the Sixth Circuit.

29. The August 14, 2024 incident caused new and distinct harm — humiliation, emotional distress, and disruption of prescribed therapy — and constitutes the accrual date for all state-law personal injury claims.

30. Plaintiff emailed complaints and accommodation requests to branch leadership Teufel and Baron Herdelin-Doherty, but intentionally received no response, which further distinguished Plaintiff.

31.From approximately July 1,2024 Plaintiff emailed complaints and formal accommodation requests to Defendants Teufel and Doherty. Both Teufel and Doherty willfully and maliciously ignored Plaintiff's concerns as a disabled member of the YMCA, intentionally failed to respond and refused to engage in the ADA-required interactive process. This deliberate inaction further singled out and isolated Plaintiff from other YMCA Members and reflects a conscious disregard for his

6

federally protected rights. Defendants further failed to engage in the ADA-required interactive process and refused to reverse the termination of Plaintiff's YMCA Membership.

32. Upon information and belief, the YMCA OF THE USA and its affiliates has a history of complaints for discrimination and litigation involving ADA violations for retaliation, evidencing systemic discrimination and institutional tolerance for unlawful conduct.

33. Plaintiff submitted written complaints and accommodation requests directly to Defendant Doherty in urgent need of his intervention. despite holding ultimate responsibilities for policy enforcement and member protection at the HAMILTON FAMILY YMCA , Doherty willfully and maliciously ignored Plaintiff's disability-related complaints and reasonable accommodation requests. He failed to ensure that corrective action be taken, thereby enabling and perpetuating the retaliation, discrimination and cancellation of Plaintiff's membership and the abuse inflicted upon Plaintiff.

## IV. CONCLUSION

### COUNT 1 - Violation of Title III of the Americans with Disabilities Act (ADA)

Defendants, by denying Plaintiff access to YMCA facilities and equipment on the basis of his disability, imposing discriminatory "third-party escort" requirements not applied to others, and terminating his membership in retaliation for asserting ADA rights, violated Title III of the ADA, 42 U.S.C. §§ 12182 & 12203. These actions caused Plaintiff loss of medically necessary therapy, emotional distress, humiliation, and financial harm.

### COUNT 2 - Failure to Provide Reasonable Accommodation (ADA)

Defendants failed to engage in the ADA-required interactive process to address Plaintiff's accommodation requests. Instead, they imposed unlawful restrictions and ignored written complaints. Such conduct constitutes a direct violation of 28 C.F.R. §§ 36.302 & 36.303 and proximately caused Plaintiff physical harm, emotional trauma, and financial damages.

7

## COUNT 3 - Retaliation (ADA)

Defendants retaliated against Plaintiff for engaging in protected activity — including sending ADA-based complaints and accommodation requests — by cancelling his membership and ordering police removal from the facility. Bryant's statement, "Oh, I guess you're going to sue me… Well, I am cancelling your membership and you have 30 minutes to leave or I'm dialing 911," is direct evidence of retaliatory intent.

## COUNT 4 - Violation of the Tennessee Adult Protection Act (TAPA)

Defendants' conduct constitutes abuse and neglect under Tenn. Code Ann. § 71-6-101 et seq., as Plaintiff is a vulnerable adult with a spinal cord injury. Their actions deprived him of prescribed therapy, subjected him to public humiliation, and caused lasting emotional and physical harm. TAPA violations also serve as evidence of negligence per se in this civil action.

## COUNT 5 - Violation of the Tennessee Elderly Abuse Act (TEAA)

Plaintiff, age 62, qualifies as an "elderly person" under Tenn. Code Ann. § 39-15-501 et seq. Defendants' discriminatory restrictions, retaliatory membership termination, and willful disregard of Plaintiff's written complaints constitute abuse and neglect under the TEAA. While primarily criminal in nature, TEAA violations are admissible in civil proceedings as evidence of negligence per se and intentional misconduct, justifying compensatory and punitive damages.

## COUNT 6 - Intentional Infliction of Emotional Distress (IIED)

Defendants' conduct was intentional, outrageous, and beyond the bounds of decency, including humiliating Plaintiff in public, threatening police involvement without lawful basis, and depriving him of essential therapy. Such acts caused severe emotional distress and warrant compensatory and punitive damages.

## COUNT 7 - Negligence

8

Defendants owed Plaintiff a duty of reasonable care to provide a safe and non-discriminatory environment. Their failure to ensure proper training, enforce anti-discrimination policies, and address complaints constitutes negligence that directly caused Plaintiff's injuries.

## COUNT 8 - Gross Negligence

Defendants' reckless disregard for Plaintiff's rights — despite clear knowledge of his disability, accommodation needs, and repeated complaints — rises to the level of gross negligence under Tennessee law.

## COUNT 9 - Breach of Contract

By terminating Plaintiff's paid YMCA membership without lawful cause, Defendants breached the contractual agreement for access to facilities and services. Plaintiff fulfilled his obligations under the membership terms, and Defendants' breach caused financial and therapeutic harm.

## COUNT 10 - Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants' actions were contrary to the reasonable expectations of the membership agreement, depriving Plaintiff of the benefits of the contract through bad-faith conduct.

## COUNT 11 - Failure to Supervise and Train

YMCA corporate and branch leadership failed to properly train or supervise employees in ADA compliance, anti-discrimination practices, and complaint resolution, enabling the unlawful acts committed by Teufel, Bryant, Wilks, and other staff.

## COUNT 12 - Systematic Discrimination

Defendants engaged in a pattern and practice of discriminatory treatment toward disabled and elderly members, as evidenced by Plaintiff's experience and the

9

YMCA's history of similar complaints. Such systemic failures to address discrimination demonstrate intentional institutional bias.

## COUNT 13 - Failure to Supervise and Train

YMCA corporate and branch leadership failed to properly train or supervise employees in ADA compliance, anti-discrimination practices, and complaint resolution, enabling the unlawful acts committed by Teufel, Bryant, Wilks, and other staff.

## V. DAMAGES

As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered and continues to suffer:

1.

Loss of access to medically prescribed aquatic therapy, which was intended to improve mobility and potentially restore Plaintiff's ability to walk without assistance;

2.
3.

Permanent setback in rehabilitation progress — Plaintiff may very well have been walking by now had his therapy not been wrongfully interrupted;

4.
5.

Emotional distress, humiliation, and mental anguish from public expulsion and police involvement;

6.
7.

Physical pain and worsening condition caused by abrupt cessation of prescribed therapy;

8.
9.

Financial losses, including membership fees, transportation costs, and related expenses;

Loss of enjoyment of life, dignity, and independence;

**Broader community harm** — Based on the YMCA's history of discrimination, it no longer fulfills its stated mission of strengthening communities by promoting healthy spirit, mind, and body for all. While its roots are Christian, the YMCA today has demonstrated that it no longer serves people of all backgrounds, ages, and beliefs, particularly failing to uphold equal treatment for disabled individuals.

Plaintiff seeks:

- 

**Compensatory damages** of $3,700,000.00;

- 
- 

**Punitive damages** of $5,000,000.00 to punish and deter Defendants future misconduct, particularly in light of the YMCA's documented history of systematic discriminatory and retaliatory misconduct against disabled individuals;

- 
- 

**Injunctive relief** reinstating membership and requiring ADA-compliant policy enforcement;

- 

Any other relief the Court deems just and proper.

**I,_____, Delta L. Eady, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing information is true and correct to the best of my knowledge.**

11

Executed this <u>14</u><sup>th</sup> day of <u>August</u>,2025.


Respectfully submitted,

Delta L. Eady Plaintiff, Pro se.
105 Kinsale Dr.
Macon, GA 31216. Phone: 404-850-4150
Email: 007deltaeady@gmail.com
Dated: August 14,2025

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th D.E. day of <u>August</u>, 2025, I presented the foregoing **Complaint for Damages, Injunctive Relief, and Declaratory Relief** to the Clerk of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, for filing.

No defendants have been served at this time. Service of process will be effected in accordance with Rule 4 of the Federal Rules of Civil Procedure after issuance of summons by the Clerk.

Delta L. Eady Plaintiff, Pro se.
105 Kinsale Drive
Macon,GA 31216.
Phone: 404-860-4150
Email: <u>007deltaeady@gmail.com</u>
Dated: August 12,2025
August 14,2025
D.E.

FILED
AUG 14 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

1