**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| DELTA L. EADY,<br>*Plaintiff*,<br>v.<br><br>YMCA of the USA, *et al.*,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00263-TRM-CHS |

**REPORT AND RECOMMENDATION**

## I. Introduction

The undersigned previously recommended that Plaintiff Delta L. Eady's case be dismissed because it was time-barred by one day. However, while Plaintiff's case was filed electronically on August 15, 2025, it was physically stamped by the Clerk of Court on August 14, 2026.[1] Thus, a new screening under 28 U.S.C. §§ 1915A and 1915(e)(2) of Plaintiff's claims is required [Doc. 24]. Plaintiff's Amended Complaint asserts twelve counts against Defendants for various violations of his legal rights. [Doc. 7 at 11-13]. For the reasons stated herein, it is **RECOMMENDED** that only Plaintiff's ADA claims against the various YMCA entities **SURVIVE SCREENING**, and all other claims be **DISMISSED**.

## II. Background

Plaintiff filed this suit on August 15, 2025, alleging violations of the Americans with Disabilities Act ("ADA") and various state laws. [Doc. 7]. Plaintiff states that he is a paraplegic whose access to the pool and hot tub at the YMCA was revoked in the summer of 2024 "unless he obtained a third-party escort to assist him." [*Id.* at 2, 9]. Plaintiff alleges incidents with Defendants that violated his rights on July 14, August 3, and August 14 of 2024. [*Id.* at 11].

[1] The Clerk of Court has since updated the electronic docket to reflect the correct filing date.

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN*, *Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## B. Analysis

Plaintiff sues Defendants YMCA of the USA, YMCA of Metropolitan Chattanooga, and Hamilton Family YMCA ("Entity Defendants") for violations of his rights.[2] [Doc. 7 at 3-4]. Plaintiff claims to sue Defendants McCormick, Herdeline-Doherty, Teufel, Bryant, Wilks, Doe #1, and Doe #2 ("Individual Defendants") in their "[i]ndividual and [o]fficial capacities." [*Id.* at 3, 5, 7-8]. However, official capacity suits are exclusively limited to government actors where a sovereign is the real party in interest. *See, e.g., Lewis v. Clarke*, 581 U.S. 155 (2017); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). No governmental entity is implicated in this case. Therefore, Plaintiff's claims against the Individual Defendants are claims for personal liability.

### 1. ADA Claims

Plaintiff asserts ADA claims under 42 U.S.C. §§ 12182 and 12203. [Doc. 7 at 11]. Claims under § 12182 fall under Title III of the ADA and deal with discrimination regarding public accommodation. *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 119 (2005). Claims under § 12203 fall under Title V of the ADA and often, as here, deal with retaliation.

#### a. Individual Defendants

Under § 12182, a proper defendant must own, lease, or operate a place of public accommodation. The Entity Defendants, not the Individual Defendants, are the ones who own, lease, or operate the place of public accommodation at issue here. Further, personal liability is not available under Title III of the ADA. *Key v. Grayson*, 163 F. Supp. 2d 697, 715 (E.D. Mich. 2001). Therefore, Plaintiff's claims against the Individual Defendants under § 12182 are not viable. This is logically supported by the fact that the only remedies available to Plaintiff under § 12182 are

---

[2] The Court has liberally construed Plaintiff's twelve counts to maximize Plaintiff's potential legal claims. However, the Court has reframed and relabeled claims as necessary to fit within existing legal frameworks.

injunctive in nature. 42 U.S.C. §§ 12188, 2000a-3; *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999).

Similarly, the only available remedies under § 12203 are injunctive in nature. Remedies under § 12203 are determined by which title of the ADA applies to a plaintiff's primary claim. Since Plaintiff's primary claim arises under Title III, remedies are controlled by § 12188, which limits Plaintiff to the same injunctive relief available under § 12182. Since there is no basis for personal liability against the Individual Defendants, Plaintiff's claims against such Defendants under § 12203 are not viable.

**b. Entity Defendants**

A viable discrimination claim under § 12182 has three elements: "(1) [the plaintiff] has a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against [the plaintiff] on the basis of his disability in the full and equal enjoyment of that place of public accommodation." *Snyder v. Lady Slings the Booze*, LLC, 73 F. Supp. 3d 871, 874 (W.D. Ky. 2014). Plaintiff alleges that he is a "paraplegic male diagnosed with a severe spinal cord injury requiring medically prescribed therapy." [Doc. 7 at 2]. Plaintiff further alleges that the Hamilton Family YMCA qualifies as a public accommodation under the ADA. [*Id.* at 4]. Finally, Plaintiff alleges that he was saddled with "discriminatory restrictions not applied to other YMCA members." [*Id.* at 2]. Specifically, Plaintiff states that he was denied "further use of the swimming pool and hot tub unless he obtained a third-party escort to assist him. This new requirement was not applied to non-disabled members or other members and was imposed solely upon Plaintiff because of his disability." [*Id.* at 9]. Plaintiff's alleged facts are sufficient to state a viable discrimination claim under § 12182 against the Entity Defendants.

A viable retaliation claim under § 12203 has four elements: "(1) [the plaintiff] engaged in activity protected under the ADA; (2) the [entity] knew of that activity; (3) the [entity] took an adverse action against [the plaintiff]; and (4) there was a causal connection between the protected activity and the adverse action." *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 767 (6th Cir. 2025), cert. denied, No. 25-6798, 2026 WL 1640855 (U.S. June 8, 2026). A protected activity is "an action taken to protest or oppose a statutorily prohibited discrimination." *Id.* (internal quotation marks omitted). Plaintiff alleges that he sent emails to agents of the Entity Defendants to address the aquatic access denial due to his disability.[3] [Doc. 7 at 9]. Plaintiff further alleges that a different agent of the Entity Defendants, Defendant Bryant, was aware of these emails.[4] [*Id.*]. Plaintiff alleges that Defendant Bryant cancelled his membership[5] right after Plaintiff refused to discuss the issue with her and advised her "not to get involved with the matters that he had addressed [in his emails to the other agents]." [*Id.*]. Finally, Plaintiff alleges that Defendant Bryant shouted, "Oh, I guess you're going to sue me to [sic] huh? Well, I am cancelling your membership and you have 30 minutes to leave the facility or I'm dialing 911."[6] [*Id.*]. Construed liberally, Plaintiff's allegations sufficiently state a viable retaliation claim against the Entity Defendants.

**2. Tennessee Adult Protection Act ("TAPA")**

Plaintiff alleges that "Defendants' conduct constitutes abuse and neglect under [TAPA]." [*Id.* at 11]. However, claims for abuse or neglect require that the wrongful party is a caretaker. Tenn. Code Ann. § 71-6-102 (West). Plaintiff has not alleged that any of Defendants are caretakers within the meaning of TAPA. Therefore, Plaintiff has not stated a viable claim under TAPA.

---

[3] This satisfies the protected activity requirement.
[4] This satisfies the knowledge requirement.
[5] This satisfies the adverse action requirement.
[6] Construed liberally, this satisfies the causal connection requirement.

### 3. Tennessee Code Annotated §§ 39-15-501 – 39-15-514

Plaintiff alleges that Defendants' actions "constitute abuse and neglect under [§§ 39-15-501 – 39-15-514]." [Doc. 7 at 12]. However, that section of the Tennessee Code defines various criminal offenses. There is no relevant private cause of action. Therefore, Plaintiff has not stated a viable claim in this regard.

### 4. Intentional Infliction of Emotional Distress ("IIED")

Plaintiff brings a claim against Defendants for IIED. [Doc. 7 at 12]. Among other things, an IIED claim in Tennessee must include conduct "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Bain v. Wells*, 936 S.W.2d 618, 623 (Tenn. 1997). This is a "high threshold." *Id.* at 622.

In *Sawyer v. Memphis Education Ass'n*, an African-American employee claimed race and gender discrimination at work, and alleged retaliation after filing complaints about such discrimination. No. W2006-00437-COA-R3CV, 2006 WL 3298326, at *1 (Tenn. Ct. App. Nov. 14, 2006). The plaintiff's IIED claim was dismissed because the alleged conduct did not meet the "outrageous conduct" threshold. *Id.* at *6.

Similarly here, Plaintiff's alleged facts do not clear the high threshold required for conduct for an IIED claim. Plaintiff was denied use of aquatic facilities without a third-party escort due to the advice of risk management. Plaintiff's membership was revoked and he was given thirty minutes to vacate the premises when he told Defendant Bryant not to get involved. The Court finds that such conduct by Defendants is not so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency. Therefore, the Court finds that Plaintiff has not stated a viable IIED claim.

**5. Negligence, Gross Negligence, Negligent Supervision, and Negligent Training**

"[I]n order to prevail on a gross negligence claim in Tennessee, a plaintiff must first prove ordinary negligence." *Leatherwood v. Wadley*, 121 S.W.3d 682, 699 (Tenn. Ct. App. 2003). The same is true for claims of negligent supervision and negligent training. *Binns v. Trader Joe's E.*, Inc., 690 S.W.3d 241, 254 (Tenn. 2024). Among other things, a negligence claim in Tennessee requires a plaintiff to show "a duty owed by the defendant to the plaintiff." *Burgess v. Doji, Inc.*, No. 3:25-CV-00495, 2025 WL 3006751, at *5 (M.D. Tenn. Oct. 27, 2025), report and recommendation adopted, No. 3:25-CV-00495, 2026 WL 174174 (M.D. Tenn. Jan. 22, 2026). Plaintiff alleges that Defendants owed him a duty to provide a non-discriminatory environment. [Doc. 7 at 12]. However, Plaintiff has not pointed to, nor can the Court locate, a single case to support the notion that such a duty exists under Tennessee common law. Rather, courts are generally unreceptive to such unsupported claims. *See e.g., Burgess*, 2025 WL 3006751 at *5. ("Plaintiff has offered no authority to show that Tennessee courts have found a common law duty from a place of public accommodation to its customers created by [anti-discrimination] statutes.") (citing *Washington v. Riverview Hotel, Inc.*, No. 3:19-CV-00097, 2021 WL 1165935, at *6 (M.D. Tenn. Mar. 26, 2021)). Therefore, Plaintiff has not stated a viable negligence claim—which means his gross negligence, negligent supervision, and negligent training claims also fail.

**6. Breach of Contract**

"Under Tennessee state law, the essential elements of a breach of contract claim are: (1) the existence of an enforceable contract; (2) nonperformance amounting to breach; and (3) damages resulting from breach." *Nat'l Fitness Ctr., Inc. v. Atlanta Fitness, Inc.*, 902 F. Supp. 2d 1098, 1105 (E.D. Tenn. 2012). Plaintiff gives largely conclusory statements to address these elements but does not provide sufficient facts to support his claim. For instance, regarding

nonperformance amounting to a breach, Plaintiff does not point to any specific contractual provision which was breached. Instead, Plaintiff states that Defendants terminated his membership "without lawful cause." [Doc. 7 at 12]. But Plaintiff provides no information regarding the contractual provisions that address cancellation. A further example is Plaintiff's conclusory statement regarding damages. Plaintiff states that "Defendants' breach caused financial and therapeutic harm." However, Defendant does not provide sufficient facts that demonstrate such harm. Therefore, Plaintiff has not stated a viable breach of contract claim.

**7. Breach of the Implied Covenant of Good Faith and Fair Dealing**

"[A] breach of the implied covenant of good faith and fair dealing is not an independent basis for relief. Although Tennessee law does permit such a claim, it serves as part of a breach of contract action rather than serving as a cause of action in and of itself." *Fountain Leasing, LLC v. Kloeber*, No. 3:12-CV-317, 2013 WL 4591622, at *4 (E.D. Tenn. Aug. 28, 2013) (cleaned up); *Cadence Bank, N.A. v. The Alpha Tr.*, 473 S.W.3d 756, 773 (Tenn. Ct. App. 2015). Since Plaintiff has not stated a viable breach of contract claim, his claim for breach of the implied covenant of good faith and fair dealing cannot stand.

**8. Systematic Discrimination**

Plaintiff claims that "Defendants engaged in a pattern and practice of discriminatory treatment toward disabled and elderly members." [Doc. 7 at 13]. However, Plaintiff fails to identify any legal support for this cause of action. The Court notes that there is a "pattern-or-practice method of proving discrimination." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004). However, a method of proof is not the same as the basis for a private cause of action. Therefore, Plaintiff has not stated a viable claim in this regard.

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[7] that:

1. Plaintiff's federal ADA claims against the Individual Defendants should be **DISMISSED**.

2. Plaintiff's federal ADA claims for discrimination and retaliation against the Entity Defendants should **SURVIVE SCREENING**.

3. Plaintiff's various state law claims should be **DISMISSED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).