**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| DELTA L. EADY,<br><br>*Plaintiff*,<br><br>v.<br><br>YMCA of the USA, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-263<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

---

**ORDER**

---

Before the Court are Plaintiff Delta L. Eady's objections (Docs. 26, 27) to Magistrate Judge Christopher H. Steger's report and recommendation (Doc. 25). For the following reasons, the Court **OVERRULES** Eady's objections (Docs. 26, 27), **ACCEPTS** and **ADOPTS IN PART** Magistrate Judge Steger's well-reasoned report and recommendation (Doc. 25), and **GRANTS IN PART** Eady's motion to amend his complaint (Doc. 26).

This Court must conduct a de novo review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendation. 28 U.S.C. § 636(b)(1)(C). Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived as constituting a mere general objection. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

On August 14, 2025, Eady filed his complaint and motion for leave to proceed in forma pauperis in this action (Docs. 1, 2). On September 10, 2025, Eady filed an amended complaint (Doc. 7). Pursuant to 28 U.S.C. § 1915(e), Magistrate Judge Steger screened Eady's amended complaint to determine whether this action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. On August 14, 2026, Magistrate Judge Steger filed his report and recommendation, recommending that: (1) Eady's claims under the Americans with Disabilities Act ("ADA") against the individual defendants be dismissed; (2) Eady's ADA claims for discrimination and retaliation against the YMCA entity defendants survive screening; and (3) Eady's various state law claims be dismissed. (Doc. 25, at 9.)

On August 21, 2026, Eady filed objections to the report and recommendation (Doc. 26) and a memorandum in support (Doc. 27). Eady also requested leave to amend his complaint (Doc. 26, at 17).

The Court's independent review of Eady's amended complaint and Magistrate Judge Steger's report and recommendation confirms that the background set forth in the report and recommendation, including the summary of Eady's allegations, is accurate. Accordingly, for the purpose of reviewing Eady's objections, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation (Doc. 25).

Eady's first two objections[1] (Doc. 26, at 3–6) do not have merit. Eady generally argues that the Court should exercise supplemental jurisdiction over his state-law claims since Magistrate Judge Steger recommended that some of his federal claims survive screening. (*See id.*, at 3). However, Magistrate Judge Steger's report does not recommend dismissal of the state law claims based on a lack of subject matter jurisdiction. (*See generally* Doc. 25.) Rather, Magistrate Judge Steger's report recommends dismissal of the state law claims because none of those claims stated a viable claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). (*See id.*) Because supplemental jurisdiction and subject-matter jurisdiction are not at issue, Eady's first two objections provide no basis for rejecting Magistrate Judge Steger's report and recommendation.

Eady's next two objections[2] relate to his negligence-based claims. (*See* Doc. 26, at 6–8.) Eady argues that the report and recommendation "unnecessarily narrows the allegations actually presented." (*Id.* at 6.) Magistrate Judge Steger, however, correctly concluded that Eady's amended complaint fails to state a claim for negligence under any theory. As best as the Court can tell, Eady's negligence claims are premised on the theory that the YMCA entities were under a duty to provide a non-discriminatory environment. Magistrate Judge Steger's report and recommendation identified Tennessee cases that refute the proposition that such a duty exists. Accordingly, after conducting a *de novo* review, the Court agrees with Magistrate Judge Steger's well-reasoned conclusion that Eady's amended complaint does not state claim for negligence.

[1] "I. SPECIFIC OBJECTION NO. 1: THE R&R SHOULD NOT DISMISS THE STATE-LAW CLAIMS WITHOUT FIRST APPLYING 28 U.S.C. § 1367 TO THE SURVIVING FEDERAL CLAIMS" and "II. SPECIFIC OBJECTION NO. 2: THE R&R DOES NOT IDENTIFY A § 1367(c) BASIS FOR DECLINING SUPPLEMENTAL JURISDICTION." (Doc. 26, at 3–6.)

[2] "III. SPECIFIC OBJECTION NO. 3: THE NEGLIGENCE-BASED CLAIMS WARRANT DE NOVO REVIEW BECAUSE THE R&R ARTICULATES AN UNDULY NARROW DUTY THEORY" and "IV. SPECIFIC OBJECTION NO. 4: THE DERIVATIVE DISMISSAL OF GROSS NEGLIGENCE, NEGLIGENT SUPERVISION, AND NEGLIGENT TRAINING SHOULD BE RECONSIDERED." (Doc. 26, at 6–8.)

The next two objections[3] concern Eady's claims of breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 26, at 8–10.) Eady generally argues that these claims should not be dismissed because he was unable to produce the contract or the contractual language that was allegedly breached. (*See id.*) However, to state a viable breach of contract claim under Tennessee law, a plaintiff must "prove the existence of a valid and enforceable contract, a deficiency in the performance amounting to a breach, and damages caused by the breach." *Federal Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Assuming Eady sufficiently pled the existence of a membership contract between himself and at least one Defendant, as Magistrate Judge Steger discussed in his report and recommendation, Eady failed to allege which provision(s) of the contract were in fact breached and what Eady's damages were. (*See* Doc. 25, at 7–8.) Therefore, the Court agrees with Magistrate Judge Steger's conclusion that Eady's amended complaint fails to state a claim for breach of contract or breach of the implied covenant of good faith and fair dealing. (Doc. 25, at 7–8.)

As to the claim of abuse and neglect under the Tennessee Adult Protection Act ("TAPA"),[4] Eady requests permission to amend his complaint if the Court "agrees that the existing allegations do not adequately plead the statutory caretaker relationship." (Doc. 26, at 12.) The report and recommendation found that Eady did not state a viable claim under TAPA because Eady did not allege that any of Defendants were "caretakers" under the meaning of the statute. *See* Tenn. Code Ann. § 71-6-102 (West). The Court agrees with Magistrate Judge

[3] "V. SPECIFIC OBJECTION NO.5: THE BREACH-OF-CONTRACT CLAIM SHOULD NOT BE DISMISSED WITHOUT CONSIDERING THE MEMBERSHIP AGREEMENT AND THE FACTUAL ALLEGATIONS LIBERALLY" and "VI. SPECIFIC OBJECTION NO. 6: THE IMPLIED-COVENANT CLAIM SHOULD NOT BE DISMISSED SOLELY BECAUSE THE BREACH-OF-CONTRACT CLAIM WAS DISMISSED." (Doc. 26, at 8–10.)

[4] "VIII. SPECIFIC OBJECTION NO. 8: THE TAPA CLAIM SHOULDM, AT MINIMUM, BE DISMISSED WITHOUT PREJUDICE WITH LEAVE TO AMEND IF THE COURT FINDS THE CARETAKER ALLEGATIONS INSUFFICIENT." (Doc. 26, at 11–13.)

Steger's conclusion that Eady failed to state a viable claim under TAPA for failure to allege any Defendants were his "caretakers." *Id.*; (Doc. 25, at 5.) Nevertheless, the Court will allow Eady to amend his complaint on this claim. Eady, however, is hereby **ON NOTICE** that, to the extent he alleges that the YMCA entities have violated TAPA, his amended complaint should include specific allegations as to how the YMCA entities constitute a "Caretaker" as that term is defined in Tenn. Code Ann. § 71-6-102(5).

As to his Intentional Infliction of Emotional Distress ("IIED") claim, Eady argues that the report and recommendation improperly characterizes his allegations as "merely involving a denial of aquatic facilities and a membership cancellation" rather than a "sequence of conduct." (Doc. 26, at 11.) However, the report and recommendation does in fact consider Eady's allegations as a "sequence of conduct" and nevertheless found that Defendants' conduct was not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency." (Doc. 25, at 6.) After independent review, the Court agrees with Magistrate Judge Steger's conclusion that Eady did not state a viable IIED claim because the allegations did not show that Defendants' conduct rose to the level of extremity required for a viable IIED claim under Tennessee law. (*See id.*); *see also Lemon v. Williamson Cnty. Schs.*, 618 S.W.3d 1, 22 (Tenn. 2021) (explaining that the type of conduct that may meet Tennessee's IIED standard is illustrated by the cases where the conduct did meet the high standard, namely cases in which the defendant-decedent had shot another person and then himself in front of plaintiff or firing gunshots near plaintiff's home).

Next, Eady objects to "any treatment of that pleading defect [relating to Tennessee Code Annotated §§ 39-15-501 – 39-15-514] as a basis for wholesale dismissal of all Tennessee-law theories arising from the same factual allegations." (Doc. 26, at 13.) The report and

recommendation, however, does not use the lack of a private cause of action under these statutes as a basis for dismissal of all Tennessee law claims. (*See generally* Doc. 25.) Thus, this objection is baseless.

Eady next argues that, as to his "Systemic Discrimination" claim, while he "does not dispute that a pattern-or-practice theory of proof is not necessarily a stand-alone cause of action," he "objects to any interpretation that the presence of this separately labeled count undermines the otherwise viable ADA discrimination and retaliation claims." (Doc. 26, at 14.) Again, the report and recommendation makes no indication that the presence of this claim was interpreted as undermining the ADA claims. (*See generally* Doc. 25.) This objection is therefore also baseless.

Finally, Eady makes two general objections to the report and recommendation: "that the pro se pleading standard requires liberal construction of the factual allegations" and that "dismissal of the state claims at this stage would create unnecessary duplication and undermine judicial economy." (Doc. 26, at 15–16.) These objections are general, conclusory, and largely irrelevant, and thus will be deemed waived. *See Cole*, 7 F. App'x at 356 ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

Having conducted an independent review of Magistrate Judge Steger's report and recommendation, as well as all the record evidence presented in this case, the Court agrees with Judge Steger's well-reasoned conclusions. Accordingly, the Court hereby: (1) **ACCEPTS** and **ADOPTS IN PART** Magistrate Judge Steger's report and recommendation (Doc. 25) pursuant to 28 U.S.C. § 636(b)(1); and (2) **OVERRULES** Eady's objections to Magistrate Judge Steger's report and recommendation (Docs. 26, 27). Eady's ADA claims against the Individual

Defendants are hereby **DISMISSED.** Additionally, Eady's state law claims for negligence, breach of contract, intentional infliction of emotional distress, and "systemic discrimination" are also **DISMISSED**.

The Court **ORDERS** Eady to file an amended complaint on or before **September 18, 2026**. The amended complaint shall set forth the factual allegations supporting his remaining claims under the ADA against the YMCA Entity Defendants, as well as the factual allegations supporting his claim for violation of TAPA. Eady's amended complaint should not include any claims that the Court has dismissed as a result of this order.

**SO ORDERED**.

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**